# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| **IN RE PETITION FOR LEAVE TO FILE BY ENJOINED LITIGANT (ILYA LIVIZ)** | M.B.D. No. 22-91114-IT |

## ORDER
### March 16, 2022

**TALWANI, D.J.**

On March 9, 2022, Ilya Liviz, proceeding *pro se*, submitted for filing a document entitled <u>Complaint for First Amendment Right to a Hearing Declaratory Relief</u> [Doc. No. 1], a <u>Motion for Leave to Proceed In Forma Pauperis</u> [Doc. No. 2], and a <u>Petition for Leave to File</u> [Doc. No. 3].

The court's records indicate that Ilya Liviz is subject to an order (the "2019 Order") entered in *In Re: Ilya Liviz,* M.B.D. No. 19-91049-WGY, June 20, 2019 Order [Doc. No. 20]. The 2019 Order enjoins Liviz "from filing any further pleadings and from filing any additional or new claims, cases, complaints, or other documents in this Court, except to effect an appeal of this Order, without first obtaining written approval of a judge of this Court by filing a written petition seeking leave of Court to do so." *Id.* The 2019 Order further states that such petition "must be accompanied by a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing." *Id.* The 2019 Order explains that the certification shall also "state whether this plaintiff has filed the same or similar papers in any other Court, and if so, identify those filings by name and case number." *Id.* Under

the 2019 Order, the petition is forwarded to the judge authorized to act on matters on the Miscellaneous Business Docket of the court, and absent approval of the filing, the documents should be returned to Liviz.

Liviz has not submitted a copy of the 2019 Order which may account for the clerk's office filing of his documents prior to review. He also has failed to file the good-faith certification as required by the 2019 Order.

The court notes further that there does not appear to be a good-faith basis for pursuing this action. The proposed <u>Complaint</u> [Doc. No. 1] is brought against the Supreme Judicial Court of Massachusetts and consists primarily of a recounting of events in 2019 surrounding proceedings to suspend Liviz from the practice of law as well as proceedings that found him in contempt for failing to comply with an order of administrative suspension. *Id.* The court takes judicial notice[1] that on May 12, 2020, the Supreme Judicial Court affirmed Liviz' suspension from the practice of law for failure to respond to requests for information by bar counsel during disciplinary investigation and explained that Liviz was suspended, not for conduct under investigation, but rather for failing to cooperate, which itself constituted misconduct subject to discipline under rules. *See In re Liviz*, No SJC-12732, 484 Mass. 1039, 144 N.E.3d 284, 285-86 (2020). The SJC observed that Liviz was given an opportunity to challenge his temporary, administrative suspension at a hearing before the second single justice. *Id.* at n. 4.

Here, this federal district court lacks subject matter jurisdiction over Liviz' challenge to the validity and lawfulness of rulings and judgments entered by the Supreme Judicial Court.

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990); *see Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014); *see also United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005).

Under the *Rooker–Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence, to overturn state court judgments, *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see also D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).[2] Accordingly, under the *Rooker–Feldman* doctrine, this court does not have jurisdiction to provide declaratory relief concerning the state court litigation.

Based upon the foregoing, it is it is hereby ORDERED that:

1. The Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] is allowed to cover the filing fee for the Petition for Leave to File [Doc. No. 3][3];

2. The Petition for Leave to File [Doc. No. 3] is denied; and

3. The Clerk shall terminate this matter on the docket.

**So ordered.**

/s/ Indira Talwani
United States District Judge

March 16, 2022

---

[2] The *Rooker–Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

[3] The filing fee for "filing any document that is not related to a pending case or proceeding" is $49. *See District Court Miscellaneous Fee Schedule* <http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule>